Reese, J.
delivered the opinion of the court.
In March, 1835, there was made a note signed “Kimbro and Hays,” payable to the order of the plaintiff, for $72 85, six months after date. Upon the 7th May, 1841, the plaintiff sued the defendant upon the note before a justice of the peace for Davidson county; the defendant pleaded on oath before said justice, that the note sued on was not' his act, promise or agreement, and judgment was given for the defendant. The plaintiff appealed to the circuit court, and the papers of the justice were filed in that court on the 29th May, 1841; subsequently, the plaintiff suffered a non-suit on two different occasions, and the cause was afterwards continued at his instance. The case kept its footing in this manner in court, until September term, 1844, when the following agreement was entered upon the trial docket and signed by the counsel of the plaintiff, to wit: “If the papers in this case are not found and the cause ready for trial at the next term, it will then be dismissed.” When the cause was regularly reached on the trial docket, at the following term, the plaintiff was not ready for trial, and moved for a continuance, which the court refused, and ordered the cause to be dismissed upon the agreement, and gave judgment accordingly. To reverse which, the plaintiff has prosecuted his appeal in error to this court.
Only two questions present themselves as worthy of remark: the one relates to the meaning of the agreement; the other to the power of the court to enforce the agreement— and we think they are both free from doubt. Upon the first question, it has been contended that the sense and meaning of the phrase, “ready for trial at the next term,” concedes to the plaintiff the whole term, from the first to the last day of it, in which to be ready for trial; on the other hand, it is said to have imposed on the plaintiff the duty of being ready to try or to dismiss the cause when regularly reached and called for trial, in the progress of business upon the docket. We hold this latter view of the matter to be the fair and reason *321 able exposition of the meaning of the agreement. As to the power of the court to enforce the agreement, by its order, we entertain no doubt. It was made, it is obvious, to avoid a non-suit or obtain a continuance. The agreement was proved and admitted. Good faith required its enforcement; and the power as well as the duty of the court to enforce fair and reasonable agreements, relating to the conduct and dispatch of business before it, is necessarily incident to the nature of its position, and required to insure the orderly and faithful determination of causes. It is a power which this court has repeatedly exercised upon deliberation and examination of authorities, and very recently in a highly important case at Knoxville—Mitchell, Guardian, vs. Nall.
Upon the whole matter, we affirm the judgment of the circuit, court.